Page 12

MICHAEL R. REGIS, CA BAR No. 343076,
                    MD Attorney at law (No State Bar Nos)
                    DC BAR No., pending.
P.O. Box 292306
Sacramento, CA 95829
Phone (302) 420-7340| Fax (916) 333-1191
Email: jovan6651@aol.com
Attorney for the Plaintiff.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DELGADO,<br>        Plaintiff,<br><br>    vs.<br>ROBERT BONTA,<br>Attorney General, the California Department of Justice;<br>1300 I STREET, SUITE 135,<br>Sacramento, CA 95814<br>        Defendant,<br>CHRISTOPHER RYAN<br>Chief, Division of Operations, California Department of Justice;<br>1300 I Street,<br>Sacramento, CA 95814<br>        Defendant,<br>MICHAEL FONG<br>Director, Office of Fiscal Services, California Department of Justice;<br>1300 I Street,<br>Sacramento, CA 95814<br>        Defendant, | Case No.: UNASSIGNED<br><br><br>EMPLOYMENT DISCRIMANTION COMPLAINT |

**EMPLOYMENT DISCRIMINATION**      1

1 | CHRISTOPHER BEHNKE
2 | Staff Service Manager I,
Office of Personnel Services, California
3 | Department of Justice;
1300 I. Street,
4 | Sacramento, CA 95814
5 |          Defendant,
CHRISTINE ALLISON
6 | Director, Office of Human resources,
California Department of Justice;
7 | 1300 I Street
8 | Sacramento, CA 95814
         Defendant,
9 | MEGAN (SATO) MORRISON
10 | Formerly, Staff Service Manager III,
Contracts and Purchasing Unit, California
11 | Department of Justice;
Granite Bay, CA 95746
12 |          Defendant,
13 | EMILY PHILLIPS
14 | Staff Service Manager II,
Contracts and Purchasing Unit, California
15 | Department of Justice;
Elk Grove, CA 95476
16 |          Defendant.
17 | DOES 1-50 Inclusive
         Defendant.
18 |

NOW COMES Plaintiff, Plaintiff brings this Employment Discrimination Action, alleging Discrimination, Harassment, and Retaliation. Plaintiff seeks Actual Damages and Punitive Damages.

1.      Plaintiff (Peter Delgado) at all times discussed herein after, the Plaintiff, resides in Placer County, CA. 95648.

2.      The Plaintiff is informed and believes

**EMPLOYMENT DISCRIMINATION**    2

      a.      Defendant MEGAN (SATO) MORRISON herein after MORRISON resides in Granite Bay, CA. 95746.

      b.      Defendant EMILY PHILLIPS resides in Elk Grove, CA. 95757.

      c.      Defendants DOES 1-50 (inclusive) true names and capacities (whether individual, corporate, associate, or otherwise) are unknown to the Plaintiff. The Plaintiff sues said Defendants by such fictitious names. The Plaintiff is informed and believes and alleges each of these designated DOE Defendants herein are fictitiously named and are, in some manner, responsible for the events and happenings herein referred to under 42 U.S.C. § 2000e-3(a), § 2000e-5, and § 2000e-16 et. seq. and Defendants DOES caused damage to the Plaintiff as herein alleged. The Plaintiff will amend this Complaint to allege Defendants DOES true names and capacities when available.

      d.      All Other Defendants are located at 1300 I. Street, Sacramento, CA 95814.

      3.      Under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-3(a), § 2000e-5, and § 2000e-16 et. seq.), the Plaintiff brings this Employment Discrimination Action. 42 U.S.C. § 2000e-5 and 42 U.S.C. § 2000e-7 confers the Court jurisdiction over the Action. Under 42 U.S.C. § 2000e-5 (g), the Plaintiff seeks equitable and other relief.

      4.      The acts the Plaintiff complains of and alleges concern acts as specified below:

**EMPLOYMENT DISCRIMINATION**    3

a.      The Defendants negligently hired, supervised and retained

employees and the Defendants breached their duty of care toward the Plaintiff when the

Defendants knew (or should have known) the employees would pose a particularized risk

or hazard to others. A causal connection existed between the Defendants' negligence in

selecting and controlling the employees, and the Plaintiff's harm materialized through

Defendants Discrimination, Harassment, and Retaliation against the Plaintiff while the

Plaintiff was engaged in a Protected Activities and due to the Plaintiff's other Protected

Characteristics in violation of 42 U.S.C. § 2000e-5 and § 2000e-16 et. seq.

b.      August 2020, the Plaintiff lodged an Internal Equal Employment

Opportunity (EEO) Complaint/Workplace Violence Incident Report with his Employer's

Equal Employment Rights and Resolution (EER&R) Office; alleging Discrimination,

Harassment, Bullying, and Retaliation. On October 8, 2021, after raising Discrimination,

Harassment, and Retaliation to Defendant BEHNKE and Defendant ALLISON, the

Plaintiff requested relocation to a different unit. From July 2021 while the California

Department of Justice conducted an Internal Investigation, the Defendants continued to

subject the Plaintiff to Discrimination, Harassment, Bullying, and Retaliation while the

California Department of Justice Equal Employment Rights and Resolution (EER&R)

Office investigated the Plaintiff's Internal Equal Employment Opportunity (EEO)

Complaint, and while the Plaintiff was engaged in a Protected Activities in violation of

42 U.S.C. § 2000e-3(a), § 2000e-5, and § 2000e-16 et. seq. March 3, 2022, the California

**EMPLOYMENT DISCRIMINATION      4**

Department of Justice EER&R Office not only found Defendant MORRISON and

Defendant PHILLIPS Discriminated against and Harassed the Plaintiff but also

Defendant MORRISON and Defendant PHILLIPS Retaliated against the Plaintiff, while

plaintiff was engaged in a Protected Activities in violation of 42 U.S.C. § 2000e-3(a), §

2000e-5, and § 2000e-16 et. seq.

        c.       In or around August 2020, Defendant RYAN and Defendant FONG

temporarily removed the Plaintiff from Defendant MORRISON and Defendant

PHILLIPS direct chain of supervision. In or around January 2022, while the California

Department of Justice EER&R Office continued the Internal EEO Investigation, during a

meeting Defendant RYAN and Defendant FONG indicated the intent to return the

Plaintiff under Defendant MORRISON and Defendant PHILLIPS direct chain of

supervision despite the California Department of Justice's EER&R Office ongoing EEO

Investigation. On or about June 15, 2022, despite the California Department of Justice

EER&R Office providing a positive Discrimination, Harassment and Retaliation findings,

Defendant RYAN and Defendant FONG returned the Plaintiff's unit under Defendant

PHILLIPS. Establishing discrete acts subjecting the Plaintiff to a Hostile Work

Environment and with the Intent to Continue the Hostile Work Environment, and the

Defendants are liable for the harassment that caused the Hostile Environment to exist in

violation of 42 U.S.C. § 2000e-5 and § 2000e-16 et. seq. The Plaintiff proffers the

Defendants continued and pervasive Discrimination, Harassment and Retaliation altered

**EMPLOYMENT DISCRIMINATION**    5

the conditions of the Plaintiff's employment, created an Abusive Working Environment, and because the Defendant's Discrimination, Harassment and Retaliation alter the conditions of the Plaintiff's employment, the Plaintiff took an early retirement from State Service.

d.      The Defendants failed to take all reasonable steps to prevent the Defendant MORRISON and Defendant PHILLIPS wrongful Discrimination, Harassment, and Retaliation; and the Defendants failure to take appropriate and reasonable responsive action; ratified and endorsed by default Defendant MORRISON and Defendant PHILLIPS Discrimination, Harassment, and Retaliation, and caused the Plaintiff to suffer injury, damage, and harm in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq.

e.      The Defendants discriminated against, retaliated against, and harassed the Plaintiff, while the Plaintiff was engaged in a Protected Activities in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq.; subjected the Plaintiff to an Adverse Employment Action; and a causal link exists between the Plaintiff's Protected Activities and the Defendants' Adverse Employment Action.

f.      The Defendants implemented Adverse Employment Action against Plaintiff in violation of 42 U.S.C. § 2000e-5, § 2000e-7 and § 2000e-16 et. seq., because the Plaintiff opposed Unlawful Employment Practice, and a causal link exists between the Plaintiff's Protected Activities and the Defendants' Adverse Employment Action.

**EMPLOYMENT DISCRIMINATION      6**

g.      The Defendants acted with malice and reckless indifference to the Plaintiff's federally Protected Rights speech in violation of 42 U.S.C. § 2000e-5, § 2000e-7 and § 2000e-16 et. seq.; the Defendants took Adverse Employment Action to include failing to inform the Plaintiff regarding a job interview and the Defendant's non-selection of Plaintiff because the Plaintiff engaged in constitutionally protected, and the Plaintiff's speech was a "substantial or motivating" factor in the Defendants' Adverse Employment Action.

h.      The Defendants Discrimination, Harassment, and Retaliation the Plaintiff; creating an Abusive Work Environment in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq., because the Plaintiff filed a Hostile Work Environment Complaint, the Harassment was unwelcomed, the Harassment was because the Plaintiff is a Protected Class Member and because the Plaintiff engaged in a Protective Activities; the Defendants Harassment affected the terms and conditions of employment; and the harassment is directly imputed to the Defendants.

i.      The Defendants colluded against the Plaintiff while the Plaintiff was engaged in a Protective Activities and the Defendants changed the Manager II job description to deny the Plaintiff promotion opportunities in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq.

j.      The Defendants created a Hostile Work Environment against the Plaintiff in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq., and

**EMPLOYMENT DISCRIMINATION    7**

constructively terminated the Plaintiff before the Plaintiff could vest his retirement and (because of the Defendants Hostile Work Environment) the Defendants forced the Plaintiff to retire from the State earlier than Age 62 when the State would have paid the Plaintiff Full Retirement.

k.    The Defendants targeted the Plaintiff because the Plaintiff reported unlawful Employment Practices; the Defendants engaged in Discriminative, Harassive and Retaliative conduct; having an adverse impact on the Plaintiff's Employment in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq., and the Defendants' Adverse Employment Action was causally related to the Plaintiff's exercise of Protected Rights and Protected Activities.

5.    The Plaintiff (also) alleges Punitive damages is warranted under 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq.:

a.    The California Department of Justice has a "Zero Tolerance Anti-Discrimination, Harassment, and Retaliation Policy;" the Defendants certainly knew their Discrimination, Harassment, and Retaliation was wrongful and subject to punishment and in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq., because in or around January 2022 during a meeting, Defendant RYAN and Defendant FONG indicated the intent to return the Plaintiff under Defendant MORRISON and Defendant PHILLIPS direct supervision, while the California Department of Justice EER&R Office continued an ongoing EEO Investigation. On or about June 15, 2022, despite the

**EMPLOYMENT DISCRIMINATION**    8

California Department of Justice EER&R Office providing a positive Discrimination,

Harassment and Retaliation findings, Defendant RYAN and Defendant FONG returned

the Plaintiff's unit under Defendant PHILLIPS.

      b.     The Defendants targeted the Plaintiff with extreme and outrageous

actions in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et. seq.; with the

intention of causing (and reckless disregard to the probability of causing) Emotional

Distress, and the Plaintiff suffered Extreme Emotional Distress because of the

Defendants' outrageous conduct.

      c.     In the alternative, the Defendants targeted the Plaintiff with severe

and pervasive actions in violation of 42 U.S.C. § 2000e-5, § 2000e-7, and § 2000e-16 et.

seq.; causing Negligent Infliction of Emotional Distress, and the Plaintiff suffered

Emotional Distress because of the Defendants' Discrimination, Harassment and

Retaliation conducts.

      6.     The Defendants conduct is Discriminatory with respect to the Plaintiff's

Ethnic origin, and the Defendants conduct is Retaliatory and Harrasive in regard to the

Plaintiff's engagement in Protected Activities.

      7.     The basic facts surrounding the Plaintiff's Discrimination, Harassment, and

Retaliation claims are the Defendants Discriminated against the Plaintiff, Harassed the

Plaintiff, and Retaliated against the Plaintiff because of the Plaintiff's other Protected

Characteristics in violation of 42 U.S.C. § 2000e–2 (a) (1), and the Defendants Retaliated

**EMPLOYMENT DISCRIMINATION**    9

against the Plaintiff and created a Hostile Work Environment while the Plaintiff engaged in Protected Activities in violation of 42 U.S.C. § 2000e-3(a), § 2000e-5, § 2000e-7, and § 2000e-16 et. seq.

8.      The Plaintiff alleges the Defendants Discriminated against, Harassed, and took Retaliatory Actions against the Plaintiff from February 2019 through April 2022, while the Plaintiff was engaged in Protective Activities and in a Protective Setting, and because the Plaintiff is a Mexican Born American in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. 2000e-5, § 2000e-7, and § 2000e-16 et. seq.

9.      The Plaintiff is a Mexican Born American and belongs to a Protected Class. The Plaintiff was qualified for the Manager II position and the Defendants changed the Manager II job description to deny the Plaintiff of promotional opportunities; the Defendants subjected the Plaintiff to Adverse Employment Action because of the Plaintiff's Protected Class; and the Defendants treated similarly situated individuals outside the Plaintiff's Protected Class more favorably.

10.     March 3, 2022, after the California Department of Justice provided a positive Discrimination, Harassment and Retaliation findings, March 7, 2022, the Plaintiff filed charges before the State of California Department of Fair Employment and Housing. March 7, 2022, (the same day) the State of California Department of Fair Employment and Housing issued a Notice-of-Right-to-Sue Letter. June 1, 2022, the

**EMPLOYMENT DISCRIMINATION      10**

Plaintiff filed charges with the Federal Equal Employment Opportunity Commission regarding the Defendants alleged Discriminative, Harassive, and Retaliative Conduct.

11.    September 2, 2022, the Federal Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue Letter (Exhibit A. Attached), which the Plaintiff received via email September 2, 2022.

12.    The Plaintiff hereby demands a Jury trial for all claims for which the Court permits a Jury trial.

13.    WHEREFORE, the Plaintiff prays the Court find

(a.)    The California Department of Justice Discriminated against, Harassed against, and Retaliated against plaintiff in violation of 42 U.S.C. 2000e-5, § 2000e-7, and § 2000e-16 et. seq.;

(b.)    Actual damages in the amount of $800,000;

(c.)    Punitive damages in the amount $5,000,000 (as the Court or the Jury deems proper);

(d.)    Promotions, service credits and related benefits and entitlements the Plaintiff would have been eligible if the Plaintiff retired July 2024 (when the Plaintiff turned age 62) had the Defendants not Discriminated, Harassed, and Retaliated against the Plaintiff in violation of 42 U.S.C. 2000e-5, § 2000e-7, and § 2000e-16 et. seq.;

(e.)    Attorney fees and costs;

**EMPLOYMENT DISCRIMINATION**    11

1             (f.)     Such other relief the Court or the Jury deems reasonable and

2

3        just.

4

5   DATED: _Nov. 29, 2022_

6                                PLAINTIFF'S SIGNATURE

7

8   Dated this the 30th Day of November 2022

9

10

11                       Michael R. Regis, CA BAR No. 343076

12                       Maryland Attorney at Law (No State Bar Nos;
                              Admission Date: 080122014)

13                       DC Attorney at Law, Bar No., pending.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **EMPLOYMENT DISCRIMINATION**     12