UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, et al.,<br><br>Defendants. | No. 2:22-cv-02139 AC<br><br><br>ORDER |

This case is before the undersigned Magistrate Judge for all purposes on the consent of the parties. ECF No. 10. On November 30, 2022, plaintiff filed this employment discrimination action for violations of Title VII of the Civil Rights Act of 1965. ECF No. 1. Defendants moved to dismiss the action in its entirety. ECF No.6. Plaintiff opposes the motion. ECF No. 12. A hearing was held on February 8, 2023, with all parties present. For the reasons set forth below and as stated at the hearing, the motion is GRANTED and the complaint is DISMISSED, but plaintiff may file an amended complaint within 30 days of this order.

**I. Background**

A. <u>The Complaint</u>

Plaintiff's complaint lists seven employees of the California Department of Justice as defendants: Robert Bonta, Christopher Ryan, Michael Fong, Christopher Behnke, Christine Allison, Megan (Sato) Morrison, and Emily Phillips. ECF No. 1 at 1-2. Plaintiff alleges that

1

defendants negligently hired, supervised, and retained employees who they knew or should have known would pose a "particularized risk or hazard" to others.  ECF No. 1 at 4.  In August 2020, plaintiff lodged an Internal Equal Employment Opportunity (EEO) complaint with the Employer's Equal Employment Rights and Resolutions Office (EER&R) alleging harassment, bullying, discrimination, and retaliation.  Id.  In August 2020, defendants Ryan and Fong temporary removed plaintiff from defendants Morrison and Phillips' direct chain of supervision.  Id. at 5.  On October 8, 2021, after raising these issues to defendant Behnke and Allison, plaintiff requested relocation to another unit.  Id. at 4.  On March 3, 2022, the EER&R office found defendants Morrison, and Phillips discriminated against and harassed plaintiff, and retaliated against him while he was engaged in protected activities.  Id. at 5.

In June of 2022, despite the EER&R finding, defendants Ryan and Fong returned plaintiff to the supervision of Phillips.  Id. at 5.  Plaintiff alleges he continued to be subjected to a hostile work environment.  Id.  Plaintiff is a Mexican-born American and was qualified for the Manager II job.  Id. at 10.  Plaintiff was issued a Notice of Right to Sue letter by the State of California Department of Fair Employment and Housing on March 7, 2022.  Id.  Plaintiff was issued a Notice of Right to Sue letter by the Federal Equal Employment Opportunity Commission on September 2, 2022.  Id. at 11.  Plaintiff seeks actual damages and punitive damages.  Id.

B. Motion to Dismiss

Defendants move to dismiss on two grounds: (1) individual defendants cannot be personally liable under Title VII, and (2) plaintiff fails to state any claim upon which relief can be granted.  ECF No. 6 at 1-10.

**II. Analysis**

A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

B. No Individual Liability Under Title VII

Defendants argue this case should be dismissed with prejudice because individual defendants are not subject to Title VII claims. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993). Specifically, the Court in Miller stated that, "Congress assessed civil liability only against an employer under Title VII," and the "statutory scheme itself indicates that Congress did not intend to impose individual liability on employees." Id. Numerous Ninth Circuit courts have reached this same conclusion. Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of

action against supervisors or co-workers."); Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982) (affirming summary judgment for individual defendants on Title VII claims); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) (holding that district court properly dismissed employment discrimination claims against individual defendant.). Accordingly, Plaintiff's claims under Title VII against all seven individual defendants must be dismissed without leave to amend.

In opposition, plaintiff states that he "asserts no individual liability under title VII against the defendants" but asserts all claims against the defendants in their official capacity as state actors. ECF No. 12 at 2. Plaintiff argues that the California Department of Justice fits with in the meaning of "employer." ECF No. 12. However, plaintiff seeks leave to amend and filed a proposed amended complaint (ECF No. 12-1) that does not name the California Department of Justice as a defendant (and in fact does not list any defendants, but instead refers to individuals as "defendants" in the body of the proposed amended complaint"). Plaintiff also makes an argument that the case law cited by defendants does not apply because of California law, which exempts certain elected officials from the term "employee." Id. at 3.

Defendants correctly state the law: plaintiff's claims must be asserted against his employing entity, not any individual in their personal *or* official capacity. See, Lam v. City & County of San Francisco, No. C 08-4702 PJH, 2010 WL 235081, at *9 (N.D. Cal. Jan. 21, 2010) (explaining why both individual and "official capacity" individual defendants are improper). Plaintiff will have an opportunity to amend to name the correct defendant. The putative claims against Bonta, Ryan, Fong, Behnke, Allison, Morrison, and Phillips will be dismissed with prejudice and they will be terminated as parties.

C.  Failure to State a Claim

The complaint as drafted is deficient because it fails to identify the specific conduct at issue or clearly or set out the factual allegations in a clear, sequential manner such that the court and defendants can identify the operative facts that are asserted as the basis of liability. Plaintiff's complaint thus fails to set forth facts that state a claim for which relief could be provided.

////

### 1. Hostile Work Environment

Plaintiff alleges that he was subjected to a hostile work environment. To establish a prima facie claim for hostile work environment a plaintiff must plead specific facts that establish that: (1) he was subjected to verbal or physical conduct because of a protected status; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. Fried v. Wynn Las Vegas, LLC, 18 F.4th 643, 647 (9th Cir. 2021). To determine if the environment is sufficiently severe or pervasive to create a hostile or abusive courts consider, "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (citing Christian v. Umpqua Bank, 984 F.3d 801, 809 (9th Cir. 2020)).

Plaintiff alleges that as a Mexican-born American he belongs to a protected class. ECF No. 1 at 10. He does not, however, identify any specific verbal or physical harassment that he experienced related to his protected status; indeed, he fails to identify *any* facts about his employment experience other than the fact that he complained about some unspecified discriminatory and harassing conduct. Id. Plaintiff's allegations are entirely conclusory. For example, plaintiff states, "The basic facts surrounding the Plaintiff's Discrimination, Harassment, and Retaliation claims are that the defendants Discriminated against Plaintiff, Harassed Plaintiff, and Retaliated against Plaintiff because of the plaintiffs other protected characteristics[.]" Id. at 9. These are not facts; the "facts" supporting a discrimination claim cannot be the conclusory statement that discrimination occurred. Plaintiff must identify the instances of discriminatory conduct on which he bases his theory of liability.

### 2. Discrimination

For the same reasons identified above, plaintiff fails to state a Title VII discrimination claim. To state a claim for discrimination under Title VII, a plaintiff must plead facts that show: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside the plaintiff's

protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004). Again, plaintiff provides no facts regarding specific adverse employment actions or specific instances of discrimination. Nor does plaintiff make any allegations that similarly situated employees outside his protected class were treated more favorably. No facts or circumstances are alleged which support an inference of discriminatory intent. Plaintiff's complaint lacks sufficient factual matter to state a claim.

### 3. Retaliation

Plaintiff alleges that defendants "took Retaliatory Actions against Plaintiff from February 2019 through April 2022, while the Plaintiff was engaged in Protective Activities in a Protective Setting, and because the Plaintiff is a Mexican Born American[.]" ECF No. 1 at 10. The complaint fails to identify either the retaliatory actions or the protected activities at issue. To state a retaliation claim under Title VII, plaintiff's factual allegations must demonstrate "(1) that he engaged in protected activity; (2) that he suffered an adverse action, and (3) that there was a causal link between the two." MacIntyre v. Carroll College, 48 F.4th 950, 954 (9th Cir. 2022) (citations omitted). Here again, plaintiff does not plead sufficient facts to make out a prima facie case, as the complaint consists entirely of conclusory assertions.

## III. Conclusion

Defendant's motion to dismiss (ECF No. 6) is GRANTED and the complaint is dismissed, but plaintiff is granted leave to amend his complaint within 30 days of this order. The proposed amended complaint attached to plaintiff's opposition (ECF No. 12-1) was not authorized and is not accepted. Plaintiff's amended complaint should be drafted in consideration of the analysis above.

DATED: February 8, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE